UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAM GILL BILLA,<br><br>        Petitioner,<br><br>   v.<br><br>RON DAVIS,<br><br>        Respondent. | No. 2:15-cv-1152-EFB P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition is second or successive and must therefore be dismissed.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

In the present action, petitioner challenges a judgment of conviction of second degree murder, insurance fraud, and arson, entered by the Placer County Superior Court on November 27, 2000, and resulting in a sentence of fifteen years to life. ECF No. 1. Court records reveal that petitioner previously challenged this judgment of conviction in an earlier action. *See Billa v. Kane*, No. 2:05-cv-1554-GEB-CMK (E.D. Cal.), ECF No. 1. That earlier action was dismissed as untimely. *See Billa,* ECF. No. 29 (magistrate judge's November 20, 2006 findings and recommendations to dismiss petition as untimely); ECF No. 31 (district judge's January 5, 2007 order adopting findings and recommendations and dismissing petitioner's application for a writ of habeas corpus as untimely). "[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and [ ] a further petition challenging the same conviction [is] 'second or successive' for purposes of 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as time barred constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Petitioner challenges here the same judgment that he previously challenged and which was adjudicated on the merits. Accordingly, his current petition is second or successive.

Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition. Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Accordingly, it is hereby ORDERED that this action is dismissed for lack of jurisdiction and no certificate of appealability shall issue.

DATED: July 2, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE